IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

| | | |
|---|---|---|
| VARSITY BRANDS, INC., VARSITY SPIRIT CORPORATION and VARSITY SPIRIT FASHIONS & SUPPLIES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: _____ |
| STAR ATHLETICA, L.L.C. | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity Spirit Corporation by and through their undersigned attorneys, for their complaint against Defendant Star Athletica, L.L.C., hereby allege as follows:

### NATURE OF THE ACTION

1. This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as amended (the "Copyright Act"), violations of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition, inducing breach of contract, inducing breach of fiduciary duty and civil conspiracy arising under state law.

### PARTIES

2. Plaintiff Varsity Brands, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis, Tennessee 38115.

1

3. Plaintiff Varsity Spirit Corporation. is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis, Tennessee 38115.

4. Plaintiff Varsity Spirit Fashions & Supplies, Inc. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 6745 Lenox Center Court, Suite 300, Memphis, Tennessee 38115. Plaintiffs Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity Spirit Corporation are hereinafter referred to collectively as "Varsity."

5. Upon information and belief, Defendant Star Athletica, L.L.C., is a limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business at: 582 Goddard Avenue, Chesterfield, Missouri 63005 and is doing business and committing tortious acts within this District.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b).

7. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1440(a).

## FACTUAL BACKGROUND

### Varsity's Original Designs and Catalogs

8. Varsity is and for many years has been among the most successful and highly respected companies in the United States engaged in the business of designing, manufacturing and selling high-quality apparel and accessories for use in cheerleading and related activities.

9. Varsity's success is due in no small measure to its employment, at great cost to Varsity, of highly talented individuals who create for Varsity original and attractive two-dimensional designs ("Varsity Designs") that are reproduced and/or applied to Varsity apparel and accessories, in a continuing effort to appeal to existing and potential customers in the highly competitive cheerleading apparel and accessories business.

10. The Varsity Designs are created as works made for hire by Varsity's employees, and constitute copyrightable subject matter under the Copyright Act.

11. Varsity owns all right, title and interest in and to the Varsity Designs.

12. Each year, Varsity produces, at great expense, using models, photographers and graphic designers, original full-color catalogs showing Varsity apparel and accessories (the "Varsity Catalogs") and distributes copies of such Varsity Catalogs to its customers and potential customers in the highly competitive cheerleading apparel and accessories business.

### Defendant's Copyright-Infringing Activities

13. Defendant offers its apparel for sale through catalogs, which are accessible via its website and, upon information and belief, the mail and its sales representatives, or and are distributed in interstate commerce.

14. Defendant, without permission, license or consent from Varsity, has copied a significant number of Varsity Designs. The Varsity Designs at issue, and the unauthorized copies appearing in Defendant's current catalogs and/or online, include the following:

  (a) Varsity Design 078 and Defendant's Design C, appearing at page 23 of its catalog (copies attached hereto respectively as Exhibits 1 and 2).

  (b) Varsity Design 0815 and Defendant's Design B, appearing at page 18 of its catalog (copies attached hereto respectively as Exhibits 3 and 4).

3

      (c)    Varsity Design 299B and Defendant's Design B, appearing at page 15 of its catalog (copies attached hereto respectively as Exhibits 5 and 6).

      (d)    Varsity Design 299A and Defendant's Design D, appearing at page 25 of its catalog (copies attached hereto respectively as Exhibits 7 and 8).

      (e)    Varsity Design 034 and Defendant's Design B, appearing at page 4 of its catalog (copies attached hereto respectively as Exhibits 9 and 10).

**15.** Defendant's infringing designs may be found on its website accessed at www.starathletica.com.

### Defendant's Other Tortious Activities

**16.** In retaliation for Varsity's prospective and eventual termination of a supply agreement between Varsity and R. J. Liebe Athletic Lettering Company, Defendant established its business to compete against Varsity in the sale of cheerleading uniforms and related accessories. Defendant acted through Robert J. Liebe, who is both Chief Manager of Defendant and President of R. J. Liebe Athletic Lettering Company, whose principal place of business is the same as that of Defendant.

**17.** In connection with such retaliation, Defendant, again acting through Robert J. Liebe, induced existing and former employees of Varsity headquartered in Memphis, Tennessee, to assist Defendant in manufacturing or procuring the manufacture of cheerleading uniforms and related accessories and in the sales thereof, and in doing so caused such employees to breach their fiduciary duties owed to, and their in-term and post-term noncompetition agreements with, Varsity.

18. More particularly, Defendant, acting independently or in a conspiracy with others, induced Rebecca Cook, a Varsity ex-employee under a noncompetition agreement with Varsity, to solicit Varsity customers to purchase cheerleading uniforms from Defendant.

19. More particularly, upon information and belief, Defendant induced Kerry Leake, while an employee of Varsity and thereafter as an ex-employee under a non-competition agreement with Varsity, to steal away from Varsity from its server and files in Memphis, Tennessee, electronic files used to create outline mascot letterings and monogramming. Leake had direct access to these files while employed at Varsity and may have obtained them during and following termination of his employment from Varsity's garment manufacturers with which he dealt in the course of his employment with Varsity. Defendant used these electronic files of Varsity as its own outline mascot letterings and monogramming, thereby infringing Varsity's rights.

20. A review of Defendant's website further reveals that Defendant selected naming conventions for its outline mascots that are deceptively similar to Varsity's naming conventions, e.g., ECM-1 of Varsity becomes Defendant's EOM-1, Varsity's ECM-2 become's Defendant's EOM-2, etc. Defendant even omits numbers from its numbering sequence for the purpose of copying Varsity's naming conventions closely, e.g., Defendant's naming conventions jump from EOM-17 to EOM-20, so that Defendant's EOM-20 may mimic Varsity's ECM-20. Further, some of Defendant's online mascots, e.g., EOM-41, are not displayed in Varsity's publicly-available catalog, but are contained in Varsity's internal files to which Mr. Leake had access. Varsity's naming conventions are attached hereto as Exhibit 11. Defendant's naming conventions are attached hereto as Exhibit 12.

21. On information and belief, Defendant, without permission from Varsity, obtained from R. J. Liebe Athletic Lettering Company, some 80,000 electronic tackle twill files owned by Varsity and which Varsity had supplied to R. J. Liebe Athletic Lettering Company from Memphis.

22. Defendant selected style codes for its tackle twill offerings that are identical or deceptively similar to Varsity's style codes, e.g., Defendant's TTCRAZ, TTPAW, TTMEG and TTCHV are identical to Varsity's style codes and the great majority of the remainder are deceptively similar to those of Varsity. Varsity's style codes are attached hereto as Exhibit 13. Defendant's style codes are attached hereto as Exhibit 14.

23. More particularly, on information and belief, Defendant induced Leake to provide access to Varsity's proprietary uniform patterns and other valuable information in preparation for competition with Varsity.

24. On information and belief, Defendant has independently or through Mr. Leake induced one or more of Varsity's uniform manufacturers to manufacture cheerleading uniforms for Defendant in violation of Varsity's contracts with such manufacturers.

25. On March 4, 2010, Varsity, through its counsel, sent a letter to Defendant demanding that it cease its tortious activities.

26. On March 8, 2010, Defendant through its counsel denied the demands of Varsity.

### FIRST CLAIM FOR RELIEF
**(Copyright Infringement)**

27. Varsity repeats and realleges the assertions contained in paragraphs 1 through 26 above.

28. Design 078 is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-417-427, with an effective date of May 21, 2007. A copy of the

6

Certificate of Registration is attached hereto as Exhibit 15 (the deposit material appears in Exhibit 1).

29. Defendants, without authorization from Varsity, are selling distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 078.

30. Defendants have thereby infringed Varsity's copyright in Design 078.

31. Upon information and belief, Defendant's infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 078 under the Federal Copyright Act.

32. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

33. The aforementioned acts by Defendant have damaged, and if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement)

34. Varsity repeals and realleges the assertions contained in paragraphs 1 through 33 above.

35. Design 0815 is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-675-905, with an effective date of May 12, 2008. A copy of the Certificate of Registration is attached hereto as Exhibit 16.

M GMG 2111043 v12
2783944-000038 07/09/2010

36. Defendants, without authorization from Varsity, are selling distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 0815.

37. Defendants have thereby infringed Varsity's copyright in Design 0815.

38. Upon information and belief, Defendant's infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 0815 under the Federal Copyright Act.

39. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

40. The aforementioned acts by Defendant have damaged, and if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
(Copyright Infringement)

Varsity repeals and realleges the assertions contained in paragraphs 1 through 40 above.

41. Design 299A is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-319-228, with an effective date of April 29, 2005. A copy of the Certificate of Registration is attached hereto as Exhibit 17 (the deposit material appears in Exhibit 5).

42. Defendants, without authorization from Varsity, are selling distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 299A.

43. Defendants have thereby infringed Varsity's copyright in Design 299A.

44. Upon information and belief, Defendant's infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 299A under the Federal Copyright Act.

45. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

46. The aforementioned acts by Defendant have damaged, and if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
(Copyright Infringement)

47. Varsity repeals and realleges the assertions contained in paragraphs 1 through 46 above.

48. Design 299B is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-319-226, with an effective date of April 29, 2005. A copy of the Certificate of Registration is attached hereto as Exhibit 18 (the deposit material appears in Exhibit 7).

49. Defendants, without authorization from Varsity, are selling distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 299B.

50. Defendants have thereby infringed Varsity's copyright in Design 299B.

51. Upon information and belief, Defendant's infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 299B under the Federal Copyright Act.

M GMG 2111043 v12
2783944-000038 07/09/2010

52. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

53. The aforementioned acts by Defendant have damaged, and if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
(Copyright Infringement)

54. Varsity repeals and realleges the assertions contained in paragraphs 1 through 53 above.

55. Design 034 is registered in Varsity's name at the United States Copyright Office under Registration No. VA 1-712-130, with an effective date of July 7, 2008. A copy of the Certificate of Registration is attached hereto as Exhibit 19 (the deposit material is Exhibit 9).

56. Defendants, without authorization from Varsity, are selling, distributing, advertising and have sold goods bearing a design that is copied from and substantially similar to Varsity's Design 034.

57. Defendants have thereby infringed Varsity's copyright in Design 034.

58. Upon information and belief, Defendant's infringing acts were committed with knowledge or in reckless disregard of Varsity's exclusive rights in Design 034 under the Federal Copyright Act.

59. Upon information and belief, by the acts complained of, Defendants have made substantial profits and gains which they are not in law or in equity entitled to retain.

60. The aforementioned acts by Defendant have damaged, and if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

M GMG 2111043 v12
2783944-000038 07/09/2010

## SIXTH CLAIM FOR RELIEF
**(Unfair Competition)**

61. Varsity repeats and realleges the assertions contained in paragraphs 1 through 60 above.

62. The aforementioned acts of Defendant constitute unfair competition, unlawful under the laws of the State of Tennessee.

63. Upon information and belief, by the acts complained of, Defendant has made substantial profits and gains, which it is not in law or in equity entitled to retain.

64. The aforementioned acts of Defendant have damaged, and if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
**(Inducing Breach of Contract – Statutory)**

65. Varsity repeats and realleges the assertions contained in paragraphs 1 through 64 above.

66. Defendant has willfully induced one or more third parties to breach their contracts with Varsity.

67. The above actions of Defendant constitute violations of Tenn. Code Ann. § 47-50-109.

68. Upon information and belief, by the acts complained of, Defendant has made substantial profits and gains, which it is not in law or in equity entitled to retain.

69. The aforementioned acts of Defendant have damaged, and continue to damage Varsity.

70. Varsity is entitled to treble damages pursuant to Tenn. Code Ann. § 47-50-109.

M GMG 2111043 v12
2783944-000038 07/09/2010

## EIGHTH CLAIM FOR RELIEF
### (Inducing Breach of Contract – Common Law)

71. Varsity repeats and realleges the assertions contained in paragraphs 1 through 70 above.

72. Defendant's actions constitute inducing the breach of contract in violation of the common law of the State of Tennessee.

73. Upon information and belief, by the acts complained of, Defendant has made substantial profits and gains, which it is not in law or in equity entitled to retain.

74. The aforementioned acts of Defendant have damaged and continue to damage Varsity.

75. Varsity is entitled to recover punitive damages.

## NINTH CLAIM FOR RELIEF
### (Inducing Breach of Fiduciary Duty)

76. Varsity repeats and realleges the assertions contained in paragraphs 1 through 75 above.

77. By the above actions Defendant has induced employees of Varsity to breach their fiduciary duties owed to Varsity.

78. Upon information and belief, by the acts complained of, Defendant has made substantial profits and gains, which it is not in law or in equity entitled to retain.

79. The aforementioned acts of Defendant have damaged and continue to damage Varsity.

## TENTH CLAIM FOR RELIEF
### (Violation of Lanham Act)

80. Varsity repeats and realleges the assertions contained in paragraphs 1 through 79 above.

12

81. Defendant has in connection with its goods used false designations of origin and made false and misleading misrepresentations of fact.

82. The above designations of origin and misrepresentations of fact are likely to cause confusion, or to cause mistake, or to deceive the purchasing public with respect to the origin, sponsorship or approval of Defendant's goods.

83. The above actions of Defendant constitute violations of 15 U.S.C. § 1125(a).

84. Upon information and belief, by the acts complained of, Defendant has made substantial profits and gains, which it is not in law or in equity entitled to retain.

85. The aforementioned acts of Defendant have damaged, and if not enjoined, will continue to damage Varsity and cause it irreparable harm, for which Varsity has no adequate remedy at law.

## ELEVENTH CLAIM FOR RELIEF
### (Civil Conspiracy)

86. Varsity repeats and realleges the assertions contained in paragraphs 1 through 85 above.

87. Defendant has in concert and in conspiracy with one or more former employees of Varsity and third parties engaged in lawful acts to achieve an unlawful purpose, or alternatively, has engaged in unlawful acts to achieve a lawful purpose.

88. The above actions of Defendant constitute a civil conspiracy unlawful under the laws of the state of Tennessee.

89. Upon information and belief, by the acts complained of, Defendant has made substantial profits and gains, which it is not in law or in equity entitled to retain.

90. The aforementioned acts of Defendant have damaged and continue to damage Varsity.

13

## **PRAYER FOR RELIEF**

WHEREFORE, Varsity respectfully requests that the Court:

1. Enter judgment that Defendants have infringed upon Varsity's copyright in the Varsity Designs.

2. Preliminarily and permanently enjoin Defendants, their officers, directors, agents, partners, employees and related companies, and all persons acting for, with, by, through or under them, from manufacturing, copying, reproducing, distributing, advertising, promoting, offering for sale or selling any product or articles bearing any design identical or substantially similar to any of the Varsity Designs;

3. Order the impoundment of the infringing goods pursuant to 17 U.S.C. § 503;

4. Order the Defendants, their officers, directors, agents, partners, employees and related companies, and all persons acting for, with, by, through, or under them, to destroy all products or articles infringing the copyrights in the Varsity Designs, as well as all other infringing materials;

5. (a) Award to Varsity its actual damages incurred as a result of Defendant's acts of copyright infringement, and all profits Defendants realized as a result of their acts of copyright infringement, in amounts to be determined at trial; or (b) in the alternative, award to Varsity, pursuant to 17 U.S.C. § 504, statutory damages;

6. Award to Varsity, pursuant to 17 U.S.C. § 505, its costs and attorneys' fees incurred as a result of Defendants' acts of copyright infringement.

7. Preliminarily and permanently enjoin Defendant, its members, officers, directors, agents, partners, employees and related companies, and all persons acting for, with, by, through or under them, from manufacturing, copying, reproducing, distributing, advertising, promoting,

offering for sale or selling any products or articles containing (a) outline mascots whose naming conventions and/or (b) tackle twill whose style codes are identical or substantially similar to Varsity's naming conventions and/or style codes;

8. Order the Defendant, its members, officers, directors, agents, partners, employees and related companies, and all persons acting for, with, by, through, or under them, to destroy all catalogues, promotional literature and brochures containing, and remove from all its websites displaying, such naming conventions and/or style codes.;

9. Award to Varsity its actual damages incurred and all profits realized by Defendant as a result of its acts of unfair competition, inducing breach of contract, inducing breach of fiduciary duty, and civil conspiracy;

10. Award to Varsity treble the amount of its damages sustained as result of Defendant's violations of Tenn. Code Ann. § 47-50-109;

11. Award to Varsity punitive damages as a result of Defendant's acts of unfair competition and inducing breach of contract in violation of the common law of Tennessee;

12. Pursuant to 15 U.S.C. § 1117(a), award to Varsity Defendant's profits, and any damages sustained by Varsity as a result of Defendant's violations of 15 U.S.C. § 1125(a) together with the costs of this action;

13. Award Varsity treble the amount of its actual damages sustained by virtue of Defendant's violations of 15 U.S.C. § 1125(a).

14. Declare this to be an exceptional case and award Varsity its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a); and

15. Award to Varsity such other and further relief as the Court deems just and proper.

Dated this ___9th___ day of July, 2010.

                                                                      Respectfully submitted,

                                                                        s/ Grady M. Garrison
                                                                        Grady M. Garrison (#008097)
                                                                        Adam S. Baldridge (#023488)
                                                                        BAKER, DONELSON, BEARMAN, CALDWELL
                                                                         & BERKOWITZ, PC
                                                                        165 Madison Avenue, Suite 2000
                                                                        Memphis, TN 38103
                                                                        Telephone: (901) 526-2000
                                                                        Facsimile: (901) 577-0814
                                                                        Email: ggarrison@bakerdonelson.com
                                                                        Email: abaldridge@bakerdonelson.com

                                                                        *Attorneys for Varsity Brands, Inc.,*
                                                                        *Varsity Spirit Corporation and*
                                                                        *Varsity Spirit Fashions & Supplies, Inc.*