IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

VARSITY BRANDS, INC.,
VARSITY SPIRIT CORPORATION and
VARSITY FASHIONS & SUPPLIES, INC.,

      Plaintiffs,

v.   No. 10-cv-02508

STAR ATHLETICA, L.L.C.,

      Defendant.

---

### DEFENDANT'S MOTION TO DISMISS

---

The defendant Star Athletica, LLC ("Star"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss the Complaint filed by the plaintiffs Varsity Brands, Inc., Varsity Spirit Corporation and Varsity Fashions & Supplies, Inc. (collectively identified as "Varsity").  Further, pursuant to Local Rule 7.2(c), Star requests a hearing on its motion to dismiss.  In support of its motion, Star respectfully states to the Court as follows:

    1.    The Complaint filed by the plaintiff Varsity asserts eleven (11) separate "Claims for Relief."

    2.    In its First through Fifth Claims for Relief, the plaintiff Varsity alleges causes of action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 106, and in its Tenth Claim for Relief, Varsity alleges a cause of action for violation of the Lanham Act, 15 U.S.C. § 1125(a).

3. In the remaining Claims for Relief of the Complaint, Varsity purports to allege the following causes of action under Tennessee state law: (a) "unfair competition" (Sixth); "inducing breach of contract" in violation of Tenn. Code Ann. 47-50-109 (Seventh); (c) "inducing breach of contract" under the common law (Eighth); (d) "inducing breach of fiduciary duty" (Ninth); and (d) "civil conspiracy" (Eleventh).

4. Varsity's allegations of copyright infringement and of violation of the Lanham Act fail to state claims upon which relief can be granted because Varsity is misapplying its copyrights for 2-dimensional artwork and fabric design (i.e., fabric design being the two-dimensional design applied to the textile fabric before the garment is cut from the fabric) to the parties' dress designs (clothing, fashion designs for its uniforms), which are useful articles that are generally ineligible for copyright protection.  Further, the uniform designs depicted in the Varsity Design deposits are useful articles made from functional clothing components (also useful articles) which are not physically or conceptually separable from the uniforms themselves as their form and function have merged.  Further, Varsity's Lanham Act claim (Claim Ten) is for product numbers that are merely descriptive of a product, not inherently distinctive, and, when used to describe a product, they do not inherently identify a source.  Hence, product numbers cannot be protected.

5. Varsity's allegations of state law claims in its sixth, seventh, eighth, ninth and eleventh claims for relief fail to allege enough facts to state a claim for relief that is plausible or a right to relief above a speculative level.  Varsity's allegations are simply labels and conclusions and therefore insufficient as a matter of law. Moreover, Varsity's state law claims are preempted by federal copyright law, 17 U.S.C. § 301.

6. Varsity's complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted.

7. Star requests a hearing on its motion to dismiss pursuant to Local Rule 7.2(c).

        Respectfully submitted,

        HARRIS SHELTON
        HANOVER WALSH, PLLC
        By: *s/Michael F. Rafferty*
        Michael F. Rafferty, Tenn. Disc. No. 10092
        Kannon C. Conway, Tenn. Disc. No. 23569
        mrafferty@harrisshelton.com
        kconway@harrisshelton.com
        One Commerce Square, Suite 2700
        Memphis, Tennessee 38103-2555
        (901) 525-1455

        FELDMAN LAW GROUP, P.C.
        By: *s/Steven M. Crosby*
        Steven M. Crosby
        Kalpana Nagampalli
        smcrosby@feldman-law.com
        kalpana@feldman-law.com
        220 East 42nd Street, Suite 3304
        New York, New York 10017
        (212) 532-8585
        Attorneys for Defendant Star Athletica, L.L.C.

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed through the Court's CM/ECF System and duly served through the electronic noticing system upon plaintiff's counsel, Grady M. Garrison and Adam S. Baldridge, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, 165 Madison Avenue, Suite 2000, Memphis, TN 38103, this 19th day of November, 2010.

        *s/Michael F. Rafferty*