IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **VARSITY BRANDS, INC., VARSITY SPIRIT CORPORATION and VARSITY SPIRIT FASHIONS & SUPPLIES, INC.,** | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:10-cv-02508-BBD-cgc |
| v. | ) ) | |
| **STAR ATHLETICA, L.L.C.,** | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Motion to Dismiss Defendant's Counterclaims (D.E. #61) filed by Plaintiffs/Counterdefendants Varsity Brands, Inc., Varsity Spirit Corporation, and Varsity Spirit Fashions & Supplies, Inc. (collectively "Varsity") pursuant to Fed. R. Civ. P. 12(b)(6). Varsity contends the counterclaims seeking declaratory judgment and alleging violations of the Sherman Act and the Lanham Act should be dismissed as a matter of law because they fail to state a claim upon which relief can be granted. Defendant/Counterplaintiff Star Athletica, L.L.C. ("Star") opposes this motion. For the reasons assigned herein, the Court **GRANTS IN PART** and **DENIES IN PART** Varsity's Motion to Dismiss.

**I.     BACKGROUND**

Varsity and Star are competitors who manufacture and sell clothing and accessories for cheerleaders. (Answer and Countercomplaint ("CC") ¶¶ 3-5.) On July 9, 2010, Varsity filed a

lawsuit in this Court alleging, among other claims, that Star had infringed Varsity's copyrights.[1] (Compl. ¶¶ 13-15.) On May 5, 2011, Star filed an Answer to Varsity's allegations. The Answer included a Countercomplaint, pursuant to Fed. R. Civ. P. 13, raising three counterclaims against Varsity—declaratory judgment, violation of § 2 of the Sherman Act, and violation of the Lanham Act. (CC ¶¶ 35-44.) On May 31, 2011, Varsity filed the present motion to dismiss Star's counterclaims.

Star's counterclaims allege that the copyrights Varsity seeks to enforce against Star—for designs applied to cheerleader uniforms—are void and unenforceable. In particular, Star claims Varsity's copyrights lack originality and are not registerable because the designs are not separable from the functional use of the items to which they are applied. According to Star, Varsity also fraudulently misrepresented information provided to the Copyright Office when it applied for the registration of the copyrights at issue in this lawsuit. Star also alleges that Varsity has falsely represented its copyrights to competitors and the marketplace to foreclose competition in the cheerleader uniform market that Varsity dominates.

## II.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may bring a motion to dismiss for failure to state a claim, which tests only whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

---

[1] Varsity also raises claims against Star for violations of the Lanham Act, unfair competition, breach of contract, inducing breach of fiduciary duty, and civil conspiracy. (CC ¶1.)

To determine whether a motion to dismiss should be granted, the court must examine the Complaint. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and it must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). While a Complaint need not present detailed factual allegations, to be cognizable it must provide more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Scheid, 859 F.2d at 436-37. A Complaint must have a factual foundation, and the mere possibility "that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a 12(b)(6) challenge. Twombly, 550 U.S. at 561 (internal quotation marks and brackets omitted).

In reviewing the Complaint, the court must accept as true all factual allegations in the Complaint and construe them in the light most favorable to the plaintiff. Nietzke, 490 U.S. at 326-27 ("Rule 12(b)(6) does not countenance [] dismissals based on a judge's disbelief of a Complaint's factual allegations."); Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, only well-pleaded facts must be taken as true, and the court need not accept legal conclusions or unwarranted factual inferences. Lewis v. ACB Bus. Servs., Inc.,135 F.3d 389, 405 (6th Cir. 1998). When a Complaint does adequately state a claim, it may not be dismissed based on the court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombly, 550 U.S. at 563.

### III. ANALYSIS

#### A. Counterclaim 1 – Declaratory Judgment

In its Countercomplaint, Star seeks a declaration from the court that: 1) the Varsity copyrights are void and unenforceable because the designs lack originality; 2) the Varsity copyrights are void and unenforceable because the designs are not separable from the function of the uniforms; 3) the Varsity copyrights are void and unenforceable because Varsity made fraudulent misrepresentations to the Copyright Office in order to obtain the copyrights; and 4) Varsity has misused its copyrights. (CC ¶ 36.) The Court examines each subpart of the declaration Star seeks in turn.

1. Failure to Meet Requirements for Copyright Protection – Originality

Varsity argues that Star has not identified how the Varsity designs are unoriginal, and, therefore, Star's counterclaim should be dismissed as a matter of law for failure to state a claim. In its opposition, Star alleges that Varsity "lifts" designs from customers and competitors and then registers them as its original designs. Star's Countercomplaint alleges only that "all of Varsity's copyrights contain elements that are in the public domain." (CC ¶ 23.) That allegation alone is not sufficient to meet the plausibility standard of Iqbal.

A design may be copyrightable even though it contains uncopyrightable elements from the public domain. See Sem-Torq, Inc. v. K Mart Corp., 936 F.2d 851, 855 (6th Cir. 1991) ("A copyrightable compilation can consist mainly or entirely of uncopyrightable elements … because it is the unique combination of these common elements which form the copyrighted material."). Viewing Star's allegation in the most favorable light, even if Varsity's designs contained elements that are in the public domain, it does not necessarily follow that Varsity's copyrights are void and unenforceable. Star fails to provide any factual support for its allegation that

Varsity's designs lack originality. Because Star's Countercomplaint does not sufficiently allege plausible grounds for a declaratory judgment that Varsity's copyrights are void and unenforceable for lack of originality, the motion to dismiss this claim is granted.

2. Failure to Meet Requirements for Copyright Protection – Designs Are Not Separable

Varsity contends Star's claim for declaratory judgment on this issue should be denied as a matter of law because "the copyright registrations for the Varsity designs are for original two-dimensional designs to be reproduced on or applied to clothing and other cheer-related merchandise; they are not three dimensional uniforms." [2] (Reply Mem. at 2.) A useful article, like a cheerleader uniform, "is copyrightable only to the extent that it incorporates a design element that is physically or conceptually separable from the underlying product." Kohus v. Graco Children's Products, Inc., 2010 WL 3785311, at *2 (S.D. Ohio Sept. 21, 2010) (citing Chosun Int'l, Inc. v. Chrisha Creations, Ltd., 413 F.3d 324, 327 (2d Cir. 2005)). "Where 'design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be said to be conceptually separable from the utilitarian elements.'" Id. (quoting Brandir Int'l, Inc. v. Cascade Pac. Lumber Co., 834 F.2d 1142, 1145 (2d Cir. 1987)).

Star has alleged that Varsity's copyrighted designs are functional, not separable from Varsity's uniforms, and thus not protectable. At this stage in the litigation, the Court takes Star's allegations as true, and as pleaded they satisfy the Iqbal test to survive a 12(b)(6) motion. While Varsity insists Star misconstrues the nature of Varsity's copyrighted designs, that argument asks

---

[2] Varsity avers that a similar argument against its copyrights has been rejected by another court. See Varsity Brands, Inc. v. J & M Spirit Wear, Inc., 2009 WL 3401182 (S.D.N.Y. Oct. 19, 2009). J & M is similar to this case in that it originates from Varsity bringing a copyright infringement claim against a competitor. In J & M, the court denied the defendant's motion to dismiss Varsity's complaint for the reason the copyrights at issue were invalid because Varsity misled the Copyright Office. The J & M court did not "reject" that defendant's allegations, as Varsity contends. Instead, it noted that at the motion to dismiss stage of litigation it must consider all of Varsity's allegations as true. Finding Varsity had sufficiently pleaded its claims, the J & M court denied the motion to dismiss. It did not reject the legal position of Varsity's opponents but instead said the merits were better suited in a motion for summary judgment after discovery had been completed.

the court to make factual determinations not permitted on a motion to dismiss. Varsity's motion to dismiss this aspect of the declaratory judgment counterclaim is denied.

3. Fraudulent Misrepresentations to the Copyright Office

Star claims Varsity made fraudulent representations to the Copyright Office "to facilitate the registration of a broad base of copyrighted designs that cover the functional attributes and the utility required to make and successfully sell cheerleader uniforms." (CC ¶ 9.) Fraud on the Copyright Office can be used to rebut the presumption of a copyright's validity, but it is a heavy burden that requires establishing that: 1) the application for copyright registration is factually inaccurate; 2) the inaccuracies were willful or deliberate; and 3) the Copyright Office relied on them. See Tacori Enters. v. Rego Mfg., 2008 WL 4426343, at *14 (N.D. Ohio Sept. 25, 2008) (citing Lennon v. Seaman, 84 F. Supp. 2d 522, 525 (S.D.N.Y 2000)).

Allegations of fraud are held to a higher pleading standard than ordinary claims. Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead a claim involving fraud with particularity. The Sixth Circuit has interpreted this rule as requiring plaintiffs to allege "the time, place, and content of the alleged misrepresentation …; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Bennett v. MIS Corp., 607 F.3d 1076, 1100 (6th Cir. 2010) (citing Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003)).

Varsity contends that Star's allegations of fraud do not meet the more stringent pleading standard of Rule 9(b). The Court disagrees. Star alleges that Varsity's applications for the copyright registrations of the designs at issue were factually inaccurate because Varsity misled the Copyright Office on the utility and non-separability of the registered designs relative to the uniforms themselves. (CC ¶¶ 24, 25.) Star alleges the fraudulent intent of the misrepresentations

and Varsity's fraudulent scheme. (CC ¶ 25, 26.) By pointing to the Copyright Office's policy regarding the copyrightability of two-dimensional designs versus useful articles (CC ¶¶ 12-17), Star also alleges that the Copyright Office relied on Varsity's misrepresentations. Therefore, the Court finds Star has sufficiently pleaded its counterclaim for a declaratory judgment on this issue, and Varsity's motion to dismiss this subpart of Counterclaim I is denied.

4. Copyright Misuse

Finally, Star seeks a declaration that Varsity has committed copyright misuse. (CC ¶ 36.) To establish copyright misuse, Star must show that Varsity violated antitrust laws, illegally extended its monopoly beyond the scope of the copyright, or violated public policies underlying copyright laws. See Microsoft Corp. v. Compusource Distribs., Inc., 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000) (citing In re Indept. Serv. Orgs. Antitrust Litigation, 85 F. Supp. 2d 1130, 1175 (D. Kan. 2000)). Because the Court finds that Star has sufficiently pleaded a claim for a declaration that Varsity's copyrights are unenforceable, Star has sufficiently alleged that Varsity violated public policies underlying the copyright laws. Accordingly, Varsity's motion to dismiss this portion of the requested declaratory judgment is denied.

5. Summary

In sum, the Court grants Varsity's motion to dismiss Counterclaim I as it applies to Star's allegation that the Varsity copyrights lack originality. The Court denies Varsity's motion with respect to the other elements of Star's counterclaim for declaratory judgment.

**B.     Counterclaim 2 – Violation of § 2 of the Sherman Act**

Section 2 of the Sherman Act prohibits monopolization and the attempt to monopolize. 15 U.S.C. § 2. To prove monopolization, a plaintiff must show both "(1) the possession of monopoly power in the relevant market, and (2) the willful acquisition or maintenance of that

power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." U.S. v. Grinnell Corp., 384 U.S. 563, 570-71 (1966). For an attempted monopolization claim, a plaintiff must show: "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." Spectrum Sports, Inc v. McQuillan, 506 U.S. 447, 456 (1993).

A plaintiff's first step in alleging a claim under § 2 of the Sherman Act is to define the relevant product market.[3] See Conwood Co., L.P. v. U.S. Tobacco Co., 290 F.3d 768, 783 (6th Cir. 2002); Cupp v. Alberto-Culver USA, Inc., 310 F. Supp. 2d 963, 969 (W.D. Tenn. 2004). The definition of the relevant product market, which includes both a product market and a geographic market, enables the court "to assess whether the defendant has monopoly power in that market, what the area of competition is, and whether the allegedly unlawful acts have anticompetitive effects in that market." Cupp, 310 F. Supp. 2d at 969. In the Sixth Circuit,

> The essential test for ascertaining the relevant product market involves the identification of those products or services that are either (1) identical to or (2) available substitutes for the defendant's product or service. … [R]easonable interchangeability may be gauged by (1) the product uses, i.e., whether the substitute products or services can perform the same function, and/or (2) consumer response (cross-elasticity), that is, consumer sensitivity to price levels at which they elect substitutes for the defendant's product or service.

White & White, Inc. v. Am. Hosp. Supply Corp., 723 F.2d 495, 500 (6th Cir. 1983) (citation omitted).

Star defines the relevant market for its counterclaim as "the market for cheerleader clothing and related accessories that are sold primarily to schools with sports teams such as

---

[3] The definition of the relevant product market is a component of the "dangerous probability of monopolization" prong of an attempt to monopolize claim. See Spectrum Sports, 506 U.S. at 456 ("In order to determine whether there is a dangerous probability of monopolization, courts have found it necessary to consider the relevant market and the defendant's ability to lessen or destroy competition in that market.").

public schools, middle schools, high schools, colleges and universities, professional and semi-professional sports teams, and sports clubs and organizations within the United States." (CC ¶ 6.) Varsity argues that Star's market definition is too broad. In particular, Varsity suggests Star's definition is similar to the definition the court rejected in Cupp.[4]

In Cupp, the plaintiff, a full-service hair salon, defined the relevant product market as "exclusive salon hair care products … those sold exclusively through salons under the advice of professional hair stylists." 310 F. Supp. 2d at 970-71. The court rejected this definition, explaining:

> The description "hair care products" is itself so vague that it leaves the Court at a loss as to what sorts of products to include. As the Alberto-Culver Defendants point out, those products could include shampoos, cosmetics, hair rinses, styling aids, or something more. Each category considered could expand the market further, and Plaintiff's allegations do not indicate how broad the category is.

Id. at 971-72. Varsity posits that "cheerleader clothing and related accessories" is similarly vague because it "could include cheerleading uniforms, jackets, athletic shoes, shoelaces, socks, pom-poms, hair accessories, megaphones, signs, camp wear, warm-up suits, body-liners, undergear, bags, backpacks, etc." (Mem. in Supp. at 12.)

Star contends its definition is adequate, pointing to the definition offered in Michael Anthony Jewelers, Inc., v. Peacock Jewelry, Inc., 795 F. Supp. 639, 646 (S.D.N.Y. 1992). In Michael Anthony Jewelers, the court found a market definition of "diamond cut gold charms in the United States" sufficient, rejecting the defendant's proposed broader definition that included "non-diamond-cut gold charms or at least other inexpensive charms made of silver." Id.

The Court finds Star has not sufficiently defined the relevant product market for its Sherman Act counterclaim. Star's definition is more similar to the definition in Cupp than the

---

[4] Varsity does not argue that Star's geographic market definition—the United States—is insufficient.

definition in <u>Michael Anthony Jewelers</u>. Star fails to identify the products that are identical to or available substitutes for Varsity's products. The various garments and paraphernalia used by cheerleaders renders "the market for cheerleader uniforms and accessories … within the United States" too vague for the Court to determine the precise contours of the relevant market at issue. For instance, accessories could refer to clothing products like socks and shoes or non-clothing products like pom-poms and megaphones. As the court noted in <u>Cupp</u>, "Plaintiffs allegations do not indicate how broad the category is." 310 F. Supp. 2d at 972. Since Star has not sufficiently defined the relevant product market, it cannot overcome Varsity's 12(b)(6) motion. Therefore, Counterclaim II of Star's Countercomplaint must be dismissed.[5]

**C.     Counterclaim 3 – Violation of Lanham Act**

Varsity contends Star's counterclaim for violations of the Lanham Act fails as a matter of law. Varsity offers arguments for dismissing claims brought by Star under both parts of Section 43(a) of the Lanham Act—15 U.S.C. § 1125(a)(1)(A) and 15 U.S.C. § 1125(a)(1)(B). In its opposition, however, Star asserts only that it sufficiently pleaded a false advertising claim under § 1125(a)(1)(B). Accordingly, to the extent the Countercomplaint attempts to raise a claim under § 1125(a)(1)(A), the Court construes Star's Opposition as waiving that claim.

To prove a claim for false advertising under § 1125(a)(1)(B), a plaintiff must establish:

> (1) the defendant has made false or misleading statements of fact concerning his product or another's; (2) the statement actually or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statement and harm to the plaintiff.

---

[5] Because Star has not adequately defined the relevant product market, the Court need not address the other elements of a monopolization or attempt to monopolize claim.

Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc., 270 F.3d 298, 323 (6th Cir. 2001). Star insists it has pleaded each element of this test.

Star has sufficiently alleged the first three elements of the Herman Miller test. First, Star's Countercomplaint alleges that Varsity is making false representations to competitors and the marketplace regarding the trademark and copyright protections of its items. (CC ¶ 30.) Second, Star alleges that Varsity's statements deceived competitors and the marketplace, which satisfies the second element. (CC ¶ 32.) Third, Star alleges that Varsity's false representations foreclosed competition and entry into the market. (CC ¶ 31.)

But Star has not alleged the final two elements of the Herman Miller test. Star's complaint is devoid of any allegation that Varsity's catalogs, as the misleading advertisement, were introduced into interstate commerce. Nor has Star alleged a causal link between its harm and the misleading statements. In Star's Opposition, it insists a causal link exists because "Star's customers are stating that they have reversed their decision to buy from Star, specifically because of Varsity's statement that it has copyrights for uniform designs over which it is in a lawsuit with Star and customers should be worried about whether Star will be around in a year." (Opposition at 17.) This information is not included in Star's Counterclaim, however. In fact, the Counterclaim does not contain any allegation suggesting customers are leaving Star because of Varsity's misleading statements in its catalog. Therefore, Star has not alleged the fourth and fifth elements of the Herman Miller test. Because Star has not properly alleged all elements of the Herman Miller test, Counterclaim III for false advertising under the Lanham Act must be dismissed.

## IV. CONCLUSION

For the reasons assigned above, the Court **GRANTS** Varsity's Motion to Dismiss with respect to Star's claim for a declaratory judgment that Varsity's copyrights are void for lack of originality as well as Counterclaims II and III. Those counterclaims are hereby **DISMISSED**. Varsity's motion is **DENIED** with respect to the other parts of the declaration Star seeks in Counterclaim I.

**IT IS SO ORDERED**, this 31st day of October, 2011.

                                        **/s/ Bernice Bouie Donald**
                                        **BERNICE BOUIE DONALD**
                                        **UNITED STATES DISTRICT JUDGE**