UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

VARSITY BRANDS, INC., et al.,

    Plaintiffs/Counter-Defendants,

v.                                                                  Case No. 10-02508

STAR ATHLETICA, LLC,

    Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME, (2) DENYING PLAINTIFFS' MOTION TO STRIKE, (3) DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY, (4) OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION TO PRECLUDE DEFENDANT'S PUTATIVE EXPERTS, (5) SETTING DEADLINES FOR EXPERT DISCOVERY, AND (6) SETTING TELEPHONE CONFERENCE**

Before the court are Plaintiffs' objections to the magistrate judge's order denying their motion to precluded the testimony of Defendant's putative experts. Because Defendant's response was filed one day late, Plaintiffs have also moved to strike Defendant's opposition to their objections, and Defendant has moved to enlarge the time for its response and accept its filing. Additionally, Defendant has filed a motion for leave to file a sur-reply brief, which Plaintiffs have opposed. The court concludes that Defendant's delay in responding to Plaintiffs' objections was the result of excusable neglect, and it will grant Defendant's motion to extend and deny Plaintiffs' motion to strike. However, the court will deny Defendant leave to file a sur-reply, as one is not necessary for the disposition of this matter. As for the objections themselves, the court will overrule them for the reasons stated in the magistrate judge's well-reasoned order.

## I. BACKGROUND

Plaintiffs and Defendant are in the business of manufacturing and selling cheerleading uniforms. Plaintiffs initiated this litigation on July 9, 2010, alleging, among other claims, that Defendant committed copyright infringement by "selling, distributing, [and] advertising . . . goods bearing a design that is copied from and substantially similar to" designs over which Plaintiffs allege to have copyright protection. (Compl. ¶¶ 29, 36, 42, 49, 56, Dkt. # 1.) Plaintiffs registered the five designs at issue with the Copyright Office as "two-dimensional artwork" or "fabric design (artwork)" in the form of pictures and photographs depicting cheerleading uniforms that incorporate distinctive blocks of colored fabric and stripes. (Pls.' Reply Supp. Objections Ex. C, Dkt. # 144-3.)

During discovery, Defendant disclosed expert reports from Antonio Sarabia and Gabriele Goldaper, both of whom have extensive experience in the apparel industry. In his report, Sarabia opines that, on the actual cheerleading uniforms depicted in Plaintiffs' registered designs, the "stripe design features" and "solid color panels" are "functional parts of each garment." (Sarabia Report 5-6, Dkt. # 97-2.) Similiarly, Goldaper's report concludes that the cheerleading uniforms manufactured from Plaintiffs' registered designs are "useful articles," and the "panels of solid-color cloth" and "strips of finishing braid striping" are individual components of the uniform that cannot "exist separately" as "independent work[s] of art," do not have "any real independent marketable worth," and cannot be removed without "impact[ing] the functionality of the uniform." (Goldaper Report 2-3, Dkt. # 97-3.)

On January 16, 2012, Plaintiffs filed a motion to preclude the proffered testimony of Defendant's proposed experts, in part because: the opinions concern the

copyrightability of Plaintiffs' designs, which is a question of law reserved for the court; and the testimony is irrelevant, as it concerns the functionality and construction of garments rather than "two-dimensional designs to be reproduced on or applied to clothing." (Mem. Supp. Pls.' Mot. Preclude 11, Dkt. # 97-1.)  Defendant responded in opposition, arguing that the proposed testimony is admissible and relevant under *Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003), to determine whether unauthorized copying of Plaintiffs' designs occurred.  The district court referred the motion to the magistrate judge, who held a hearing and accepted supplemental briefing from the parties.

The magistrate judge denied Plaintiffs' motion on May 11, 2012.  In essence, the magistrate judge agreed with Defendant that, based on *Kohus*, "the substance of Sarabia [sic] and Goldaper's proposed testimony . . . would assist the trier of fact in considering whether copying of protectible elements of [Plaintiffs' copyrighted] work occurred." (Order Den. Pl.'s Mot. Preclude 5, Dkt. # 137.)  Plaintiffs filed timely objections to the magistrate judge's order on May 25, 2012, and the court directed Defendant to respond by June 11, 2012.  Defendant filed its response on June 12, 2012, prompting a motion from Plaintiffs to strike the filing as untimely and a motion from Defendant to extend its deadline for filing a response.  Plaintiffs subsequently filed a reply brief, and Defendants have sought leave to file a sur-reply.

## II.  STANDARD

### A.  Motion to Extend and Motion to Strike

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable

neglect." Fed. R. Civ. P. 6(b)(1)(B).  To determine whether a party's neglect of a deadline is excusable, the court balances five factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the party requesting an extension, and (5) whether the late-filing party acted in good faith.  *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The decision of whether to accept a late filing as the result of excusable neglect is committed to the discretion of the district court.  *See id.*

### B.  Appeal of Magistrate Judge's Order

When a party files timely objections to a magistrate judge's decision of a nondispositive, pretrial matter, the district court must consider them and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* W.D. Tenn. LR 72.1(g).  The magistrate judge's factual findings will be overturned only if they are "clearly erroneous," while her legal conclusions are reviewed under the "contrary to law" standard.  *EEOC v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009).  "A district court's review 'under the contrary to law standard is plenary, and it may overturn any conclusions of law which contradict or ignore applicable precepts of law . . . . Thus, [a district court] must exercise its independent judgment with respect to a Magistrate Judge's legal conclusions."  *Id.* at 605-06 (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (alteration in original).

## III.  DISCUSSION

### A.  Motion to Extend and Motion to Strike

As an initial matter, Defendant requests an enlargement of the time to respond to Plaintiffs' objections, as Defendant filed its response one day outside of the court's deadline.  In its motion to extend, Defendant attributes this late filing to "a series of unexpected computer, network and email problems resulting from upgrades and changes to its systems" and "eye inflammation" experienced by one of its attorneys while working on the response.  (Def.'s Mot. Extension ¶¶ 3-4, Dkt. # 143.)  Plaintiffs oppose Defendant's motion, arguing that the explanations offered by Defendant do not constitute excusable neglect under Rule 6(b)(1)(B) and pointing out that this is not the first time Defendant has missed a filing deadline.  Thus, Plaintiffs filed their own motion to strike Defendant's response as untimely, asking the court to treat their objections as unopposed and overturn the magistrate judge's order.  *See, e.g.*, *Howard v. Nationwide Prop. & Cas. Co.*, No. 06-2352, 2007 WL 2080548 (W.D. Tenn. July 13, 2007); *cf.* W.D. Tenn. LR 7.1(a)(2) ("Failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.").

The court determines that Defendant has established excusable neglect with respect to its untimely response.  While perhaps not the strongest excuses entertained by the court upon consideration of similar motions, the reasons advanced by Defendant to explain its delay are understandable and outside of its control.  More importantly, the length of the delay was just one day, it has had an extremely minimal, if any, impact on these proceedings, and Plaintiffs do not appear to have been prejudiced by it.  There is also no evidence that Defendant has acted in bad faith.  The court will therefore accept

Defendant's late response by granting its motion to extend and denying Plaintiffs' motion to strike.

### B.  Appeal of Magistrate Judge's Order

The subject of Plaintiffs' appeal concerns the magistrate judge's ruling that Defendant's proffered expert testimony is admissible as evidence of whether Defendant copied Plaintiffs' copyrighted materials.[1]  Specifically, Plaintiffs argue that this decision is contrary to law because: (1) the magistrate judge improperly applied *Kohus*; and (2) the matters on which Defendant's experts opine—"the construction of garments"—is irrelevant to Plaintiffs' copyrights, which "concern two-dimensional designs."  (Pl.'s Objections 1-2, Dkt. # 138.)  Neither objection has merit.

#### 1.  *Applicability of* Kohus

In denying Plaintiffs' motion to preclude, the magistrate judge relied heavily on the Sixth Circuit's opinion in *Kohus* to conclude that Defendant's proposed expert opinions were allowed on the issue of whether protectible elements of Plaintiffs' designs were copied by Defendant, including inquiry into "what aspects of [Plaintiffs'] useful objects are necessary to their function."  (Order Den. Pl.'s Mot. Preclude 5.)  Plaintiffs assign three errors in this decision: (1) *Kohus* speaks to substantial similarity, an issue not addressed in the proffered expert testimony; (2) *Kohus* allows expert testimony on substantial similarity only in cases "involving highly-complex or technical subject matter,"

---

[1] In its motion to preclude, Plaintiffs also sought to prevent admission of the proffered expert testimony as insufficiently reliable.  As Plaintiffs have not objected to the magistrate judge's rejection of this claim, however, they have forfeited any argument that the expert opinions should be excluded on this ground.  *See* Fed. R. Civ. P. 72(a) (" A party may not assign as error a defect in the order not timely objected to.").

which this case does not; and (3) Defendants' expert opinions actually address the issue of copyrightability, and *Kohus* does not "provide any support for abandoning the case law that clearly holds expert testimony is categorically inappropriate" on this legal question.  (Pl.'s Objections 7.)

Plaintiffs' first two arguments are easily dismissed, as a careful reading of *Kohus* demonstrates that the magistrate judge's decision is not contrary to law.  As explained by the Sixth Circuit in *Kohus*, a plaintiff claiming copyright infringement "must establish that he or she owns the copyrighted creation, and that the defendant copied it."  328 F.3d at 853 (citing *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 618 F.2d 1094, 1097 (6th Cir. 1984)).  A plaintiff can carry its burden on the second point either with direct evidence of copying—which Plaintiff here does not appear to have alleged exists—or by showing that the defendant had access to the allegedly infringed work and there is a substantial similarity between the two works at issue.  *Id.* at 854 (citing *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999)).  *Kohus* established a "two-step approach" to the substantial similarity inquiry: "the first step 'requires identifying which aspects of the artist's work, if any, are protectible by copyright,'; the second 'involves determining whether the allegedly infringing work is "substantially similar" to protectible elements of the artist's work.'"  *Id.* at 855 (internal citation omitted) (quoting *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1295, 1296 (D.C. Cir. 2002)).  "[T]he first step allows expert evidence," *id.* at 854, and, in cases that "involve a functional object rather than a creative work," involves a determination of "what elements, if any, are necessary to the

7

function" of the object, *id.* at 856.² However, the second step should ordinarily "be based on the judgment of the ordinary reasonable person," *id.*, unless "the audience for the work possesses specialized expertise," *id.* at 857; only in the latter category of cases will "[e]xpert testimony . . . be necessary to educate the trier of fact in those elements for which the specialist will look," *id.*

      As the magistrate judge recognized, Defendant's proffered expert opinions on the functionality of various elements of Plaintiffs' designs for cheerleading uniforms addresses the first prong of the substantial similarity inquiry as formulated by the Sixth Circuit in *Kohus*. *See id.* at 856. In the magistrate judge's words, Sarabia's report "state[s] that the 'stripe design features' and 'solid color panels' on certain Varsity cheerleading uniform styles are 'functional parts of each garment,'" (Order Den. Pl.'s Mot. Preclude 5 (quoting Sarabia Report 5-6)), while Goldaper opines on "the function of uniforms," "the necessities of cheerleading uniform construction," and the "'independent marketable worth'" of Plaintiffs' designs, (*id.* at 5-6 (quoting Godaper Report 2)). These opinions address the "elements . . . necessary to the function" of Plaintiffs' uniform designs and, as such, are admissible to aid the factfinder in filtering out the unprotectible elements of those designs. *See Kohus*, 328 F.3d at 856.

      Plaintiffs' assertion that *Kohus* allows expert testimony on substantial similarity only in "cases involving complex, technical subject matter" also does not preclude the testimony of Defendant's experts. (Pls.' Objections 8.) The textual basis for this argument is the *Kohus* court's determination that expert testimony on the protectible

---

² Plaintiffs' contention that this case involves artwork, as opposed to a useful article, is addressed below in Section III.B.2.

elements of the allegedly infringed work was appropriate in that case because the drawings at issue were "technical in nature." *Kohus*, 328 F.3d at 857.  Even if Plaintiffs are correct that this statement can be read as establishing a general rule limiting the admissibility of expert testimony in the manner suggested, the magistrate judge did not act contrary to law when she decided that Plaintiffs' designs fall into the category of materials on which expert testimony is appropriate.  Defendant's expert reports demonstrate that the norms of the cheerleading apparel industry are sufficiently specialized that "a lay person is unlikely to understand what constitutes creativity in this area, which elements are standard for the industry, and which elements are dictated by efficiency or by external standards." *Id.* at 858.  For example, Sarabia's report explains that the stripe features on Plaintiffs' designs may be standard for the industry or dictated by efficiency because they are made from "woven fabric tape" that is used "to cover either a hem or seam," "strengthen[] the garment," and "mak[e] the uniform more comfortable."  (Sarabia Report 7.)  The court would not expect the ordinary reasonable person to know this, and such information would assist the trier of fact in determining whether Defendant's uniforms are substantially similar to protectible elements of Plaintiffs' designs.

      Finally, Plaintiffs maintain that, even assuming *Kohus* is applicable, permitting Defendant's experts to opine on the issues of functionality and separability would nevertheless "disregard the body of case law holding that expert testimony on issues of copyrightability . . . invades the province of the Court."  (Pl.'s Objections 9.)  This objection is nominally defeated by the court's conclusion that admission of Defendant's

expert testimony on the first step in the substantial similarity inquiry under *Kohus*—rather than on the issue of copyrightability—is permissible.

Moreover, had the magistrate judge ruled that the proffered expert opinions were admissible to disprove copyrightability, this determination would not be contrary to law. Despite Plaintiffs' efforts to make it appear otherwise, the circuits are split as to whether copyrightability is a pure question of law. *See Gaiman v. McFarlane*, 360 F.3d 644, 648 (7th Cir. 2004) (noting division in case law as to whether the issue of copyrightability is question of law or fact). In fact, the Second Circuit explicitly allows expert testimony on the question taken up by Defendant's experts: whether the artistic features of the design of a useful article are separable from its functional aspects. *See Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411, 423 (2d Cir. 1985) (Newman, J., dissenting) (stating that "expert opinion and survey evidence ought generally to be received" on issue of conceptual separability); *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 994 (2d Cir. 1980) (noting that expert testimony was accepted on issue of whether belt buckles "rise to the level of creative art"). Neither party provided—nor could the court locate—any Sixth Circuit opinion that settles the question for this court. Therefore, the admission of Defendant's proffered expert opinions on the issue of *either* copyrightability or substantial similarity is within the precepts of applicable law, and the magistrate judge did not err in so deciding.

### 2. *Relevancy of Proffered Testimony*

Plaintiffs also contend that the magistrate judge's order erroneously allows Defendant's putative experts "to opine on garment construction without contemplating the true nature of Varsity's copyrights," which they claim are "two dimensional

10

designs . . . capable of reproduction on a number of media." (Pl.'s Objections 12.) The magistrate judge found unpersuasive Plaintiffs' attempt to distinguish its copyright in "two-dimensional designs on the garment" from Defendant's proffered "testimony on the separability of the useful article from its utilitarian function." (Order Den. Pl.'s Mot. Preclude 6.) Ultimately, the magistrate judge found that the proposed expert opinions "may assist the trier of fact with its resolution of various elements of the copyright infringement claims." (*Id.* at 7.) This decision is not contrary to law.

Plaintiffs' objection on this point is rooted in an apparently hotly contested dispute between Plaintiffs and Defendant, presented to the court at least once already in Defendant's motion to dismiss, regarding whether Plaintiffs' copyrights are for "fabric design" or "dress design." A fabric design—"the design imprinted on a fabric, such as a rose petal, which in a completed dress may appear repeatedly throughout the dress fabric, or may appear but once on a given dress"—is clearly entitled to copyright protection. 1-2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 2.08[H][1], [2] (rev. ed. 2012); *see, e.g.*, *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 763 (2d Cir. 1991). On the other hand, a dress design—"the design that graphically sets forth the shape, style, cut, and dimensions for converting fabric into a finished dress or other clothing garment"—is a design of a "'useful article'" over which copyright may be claimed "'only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.'" 1-2 *Nimmer on Copyright* § 2.08[H][1], [3] (quoting 17 U.S.C. § 101); *see, e.g.*, *Galiano v. Harrah's Operating Co.*, 416 F.3d 411, 419 (5th Cir. 2005).

According to Plaintiffs, their designs fall into the category of fabric designs. Therefore, they assert, because the functionality and separability issues on which Defendant's experts opine are relevant only to a claim of infringement involving dress design, those opinions have no bearing on the present case. Fortunately, it is not necessary for the court to rule on the fundamental nature of Plaintiffs' copyrights in order to decide the instant matter. At this juncture, it is enough to say that the magistrate judge was correct that, given the manner in which Defendant is alleged to have infringed Plaintiffs' copyrights, the proffered expert testimony is relevant to Plaintiffs' claims.

Plaintiffs aver that Defendant infringed on their copyright over drawings and photographs of cheerleading uniforms not by reproducing those two-dimensional images, but rather by creating three-dimensional uniforms that resemble those in the images. *See Winfield Collection, Ltd. v. Gemmy Indus., Corp.*, 147 F. App'x 547, 551-52 (6th Cir. 2005) (holding that copyright over two-dimensional patterns for and photographs of craft figure extends protection to assembled, three-dimensional figure). In *Eliya, Inc. v. Kohl's Department Stores*, No. 06 Civ 195(GEL), 2006 WL 2645196 (S.D.N.Y. Sept. 13, 2006), the Southern District of New York explained the importance of this distinction. In considering whether the plaintiff had stated a copyright infringement claim based on the defendant's manufacture of shoes similar to the one shown in a copyrighted two-dimensional rendering titled SHOE, that court said:

> Copyright law does not allow a third party to reproduce a work of visual art on a sweater and then defend its actions by claiming that the artist only has a copyright on the visual art itself, not on a sweater. . . . However, that is not what happened here. Eliya does not allege that Kohl's reproduced the etching of the SHOE design on the surface of an infringing line of shoes.

12

> Rather, Eliya alleges that Kohl's created an actual three-dimensional shoe that is similar to the one depicted in the SHOE etching. . . .
>
> . . . [A]n etching of a shoe, which has no utilitarian function and is simply an artistic rendering of a physical object, can be copyrighted, while an actual shoe cannot be. As a necessary consequence, ownership of a copyright in a pictorial representation of a useful article does not vest the owner of the picture with a derivative copyright in the useful article itself. If such roundabout copyrighting were permitted, copyright law's exclusion of useful articles would be eviscerated, because any useful article could be copyrighted by merely obtaining a copyright for a two-dimensional representation of the article.
>
> Eliya recognizes this fact, . . . [but] argues that while it does not have a copyright in SHOE as a shoe, it does have a copyright in specific individual design elements incorporated into the SHOE design, and that Kohl's infringed its copyright by copying those design elements. . . .
>
> Eliya is correct that "while 'useful articles,' taken as a whole, are not eligible for copyright protection, the individual design elements comprising these items may, viewed separately, meet the Copyright Act's requirements." [*Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 328 (2d Cir. 2005).] . . . Here, Eliya contends that the copyrighted etching of the SHOE design contains certain separable design elements, and that Kohl's has infringed upon Eliya's copyright in SHOE by incorporating those design elements into its similar line of shoes.

2006 WL 2645196, at *9.

Despite Plaintiffs' attempt to shoehorn their claim into one involving "the reproduction of visual art" on cheerleading uniforms, *id.*, it is in fact analogous to the situation confronted in *Eliya*. As in that case, Plaintiffs here do not allege that Defendant "reproduced the [two-dimensional pictures of cheerleading uniforms] on the surface of an infringing line of [uniforms]." *Id.* Plaintiffs instead aver that Defendant incorporated into its uniforms certain design elements depicted in the copyrighted renderings. The allegedly protected elements of Plaintiffs' designs—for example stripes along the hem of a uniform's skirt or a block of white fabric across a uniform's chest,

13

(*see* Pl.'s Reply Supp. Objections Ex. C, Dkt. # 144-3, at 2)—draw their distinctiveness from their use as part of a three-dimensional garment.

This is not to say that such design elements are not subject to copyright protection.  *See Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 999 (2d Cir. 1995). This court has already ruled that Plaintiffs' designs may have copyrightable aspects. (Order Den. Def.'s Mot. Dismiss 11, Dkt. # 56.)  But Plaintiffs cannot escape the fact that their allegations of infringement are grounded in Defendant's manufacture of cheerleading uniforms, which are useful articles.  The disposition of these claims will necessarily require a determination of those elements of Plaintiffs' designs that do not qualify for copyright protection.  Defendants' proffered expert opinions bear on this inquiry, and the magistrate judge did not err by refusing to exclude them as irrelevant.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's motion for an extension of time to file a response [Dkt. # 143] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike [Dkt. # 142] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for leave to file a sur-reply [Dkt. # 146] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' objections [Dkt. # 138] to the order denying their motion to preclude testimony from Defendant's putative experts [Dkt. # 137] are OVERRULED.  Plaintiffs' appeal of the magistrate judge's order is DENIED.

IT IS FURTHER ORDERED that Defendant must disclose its supplemental expert reports no later than **June 29, 2012**, and Plaintiffs must disclose their rebuttal expert reports no later than **July 27, 2012**.

Finally, IT IS ORDERED that the court will hold a telephone conference with counsel for the parties on **August 1, 2012, at 11:00 a.m. CST**. The court will place the telephone call. During the conference, counsel should be prepared to propose a briefing schedule for their anticipated summary judgment motions.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2012, by electronic and/or ordinary mail.

 s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522