## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

VARSITY BRANDS, INC, et al.,

        Plaintiffs/Counter-Defendants,

v.                                      Case No. 10-02508

STAR ATHLETICA, LLC,

        Defendant/Counter-Claimant.

_____/

### OPINION AND ORDER DISMISSING COUNTERCLAIMS AND COMPLAINT

Following the Supreme Court's decision in *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1012, 197 L. Ed. 2d 354 (2017), upholding the Sixth Circuit's determination that summary judgment was warranted for the Plaintiff on the question of the protectability of the designs at issue under the Copyright Act and remand to this court for further proceedings, the court entered an order reopening the case and calling for the parties to confer and prepare a joint report setting forth a suggested path to resolve the remaining issues in the case, to be filed by Plaintiffs. (Dkt. #226.) Since then Plaintiffs filed what they style as their "Stipulation of Dismissal of Plaintiffs' Claims" reflecting an agreement with the insurer of Defendant Star Athletica, LLC ("Star"), but not with Star itself. (Dkt. #227.)

Plaintiffs and Defendant then filed competing memoranda setting out different views on the next steps forward. Star suggests that the court must resolve its pending counter-claims seeking a declaratory judgment on various topics regarding the enforceability of Plaintiffs' copyright before it can dismiss the case. (Dkt. #228.) Star

hopes for leave to amend the counterclaims in its answer to reflect the Supreme Court's decision and for the court to establish a schedule to continue the litigation. Plaintiffs believe that the Supreme Court decision along with their filing reflecting an agreement to dismiss their claims against Star with prejudice moots any possible counterclaims and disposes of the case. (Dkt. #229.)

Plaintiffs' filing is no simple stipulated order of dismissal, as it is made without the sole Defendant's blessing. Federal Rule of Civil Procedure 41(a)(1) governs voluntary dismissal by the Plaintiff. As the notice of dismissal comes after the filing of Defendant's answer, and the stipulated dismissal is not joined by Defendant, the dismissal cannot be made without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A). Courts can still grant dismissal; however, the applicable rule states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(1)(B). The court must therefore determine whether any counterclaims remain, and if so, whether they can remain pending for independent adjudication.

Star appears to admit that, with the exception of its claims for copyright misuse and fraud on the Copyright Office, all of its counterclaims have been dismissed. This court's earlier decision briefly addressed these counterclaims and said that, rather than separate claims against Plaintiff, "it appears that they are more accurately described as 'affirmative defenses.' . . . Because the court grants summary judgment to Star on other grounds, it is not necessary to address the merits of these affirmative defenses." (Dkt.

#199, Pg. IDs 4311-12 (citations omitted).) The Sixth Circuit later vacated this court's

decision:

> Because we believe that the graphic features of Varsity's
> cheerleading-uniform designs are more like fabric design than dress
> design, we hold that they are protectable subject matter under the
> Copyright Act. We therefore enter summary judgment for Varsity solely on
> the issue of the protectability of Varsity's designs as pictorial, graphic, or
> sculptural works. . . . *We express no opinion about whether Varsity's
> designs are ineligible for copyright protection because they lack originality
> or any other reason.* The district court did not address Star's contention
> that Varsity's designs are unoriginal, and therefore we leave that issue for
> the district court to address in the first instance.

*Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 493 (6th Cir. 2015), *aff'd sub*

*nom. Star Athletica, L.L.C. v. Varsity Brands*, Inc., 137 S. Ct. 1002, 197 L. Ed. 2d 354

(2017) (emphasis added).

Defendant reads this statement, which reversed this court's grant of summary

judgment in its favor, as "show[ing] that the claims in Star's counterclaim, which were

recast by this Court as affirmative defenses, have been re-instated by the Sixth Circuit's

vacation of that ruling[.]" (Dkt. #228, Pg. ID 4591.) The court struggles to follow

Defendant's inference as to the Sixth Circuit's language. The quoted statement is

entirely consistent with the view advanced in this court's earlier opinion that the theories

of fraud on the copyright office, copyright use, and notably, originality—which had been

dismissed as a counterclaim in a completely separate district court order not then before

the Sixth Circuit—though unsuccessful as counterclaims, might still serve as affirmative

defenses to defeat Plaintiffs' ability to recover. Nothing within the language of that

opinion suggests otherwise, and in fact expressly states that the Sixth Circuit was taking

no position whatsoever on the merits of those questions. It remains reasonable to view the "counterclaims" instead as affirmative defenses. *See, e.g.*, *Microsoft Corp v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000) (Borman, J.) (characterizing copyright misuse as a defense to copyright infringement); *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 972 (4th Cir. 1990) (same); *Tacori Enters. v. Rego Mfg.*, No. 1:05cv2241, 2008 WL 4426343, at *14 (N.D. Ohio Sept. 25, 2008) (characterizing fraud on the copyright office as an affirmative defense).

Even assuming *arguendo* that the Sixth Circuit's decision indeed recast these affirmative defenses as counterclaims for declaratory judgment, they will be dismissed for reasons not raised in either memorandum. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501, 126 S. Ct. 1235, 1237, 163 L. Ed. 2d 1097 (2006) ("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.") (citation omitted). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995).

> This court has adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment:
>
> > (1) whether the judgment would settle the controversy;
> >
> > (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> >
> > (3) whether the declaratory remedy is being used merely for

the purpose of "procedural fencing" or "to provide an
arena for a race for res judicata";

(4) whether the use of a declaratory action would increase
the friction between our federal and state courts and
improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or
more effective.

*AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004) (citation omitted).

The applicable factors in this case all counsel against the exercise of jurisdiction

over the counterclaims for declaratory judgment. Judgment would not settle the

controversy, indeed to the extent that it frustrates Plaintiffs' dismissal *with prejudice* it

would instead reanimate an otherwise completed litigation. The second factor also

disfavors the entertainment of these counterclaims. "[D]eclaratory judgments do not

serve a useful purpose where there is a pending coercive action, filed by the natural

plaintiff, which encompass all of the same issues as the declaratory judgment action."

*DigiTrax Entm't, LLC v. Universal Music Corp.*, 21 F. Supp. 3d 917, 923 (E.D. Tenn.

2014) (*quoting Foundations Worldwide Inc. v. Oliver & Tate Enters. Inc.,* 2013 WL

4054636 at *3 (N.D. Ohio Aug. 12, 2013)). Here, Plaintiffs' action encompasses the

same issues as the declaratory judgment action, which this court intuitively recast as

affirmative defenses thereto. The third and fourth factors are not relevant in this case.

Finally, the fifth factor is at best in equipoise, since dismissal without prejudice would

presumably inoculate Defendant from foreseeable enforcement action on the

copyrighted materials. The court concludes that it will not use its discretion to assert

jurisdiction over the declaratory judgment counterclaims, and therefore dismisses the

remaining counterclaims.

With the requirements of Federal Rule of Civil Procedure 41(a)(1)(B) satisfied, the court will grant dismissal of Plaintiffs' claims.

IT IS ORDERED that Defendants' counterclaims are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant are DISMISSED with prejudice in accordance with the terms of the settlement agreement between Plaintiffs and the Defendant's insurer. The court retains jurisdiction over Plaintiffs' claims to enforce the terms of the settlement agreement and will reinstate Plaintiffs' claims in the event the payment to be made by Defendant's insurer is not received by Plaintiffs in accordance with the terms of the settlement agreement. A separate judgment shall issue.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:   August 10, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 10, 2017, by electronic and/or ordinary mail.

s/Julie Owens
Acting in the Absence of Lisa Wagner
Case Manager and Deputy Clerk
(810) 984-2056

S:\CLELAND\JUDGE'S DESK\C2 ORDERS\10-02508.VARSITYBRANDS.DISMISS.BSS.DOCX