UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

VARSITY BRANDS, INC, et al.,

    Plaintiffs,

v.                                                 Case No. 10-02508

STAR ATHLETICA, LLC,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR TO AMEND THE JUDGMENT AND DENYING PLAINTIFFS' MOTION TO AMEND THE JUDGMENT**

Defendant has filed a motion for reconsideration or to amend the judgment (Dkt. # 234) attacking this court's opinion and order dismissing Plaintiffs' complaint with prejudice and dismissing Defendant's counterclaims. (Dkt. # 230.) Plaintiffs have also filed a motion to amend the court's judgment. (Dkt. # 232.) The parties have filed responsive briefing to one another's motions. (Dkt. # 233, 235.) Having considered the parties' briefing, the court will deny both motions.

**I. BACKGROUND**

Following the Supreme Court's decision in *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1012 (2017), upholding the Sixth Circuit's determination that summary judgment was warranted for Plaintiffs on the question of the protectability of the designs at issue under the Copyright Act and remanding to this court for further proceedings, the court entered an order reopening the case and calling for the parties to

confer and prepare a joint report setting forth a suggested path to resolve the remaining issues in the case, to be filed by Plaintiffs. (Dkt. #226.) Afterwards, Plaintiffs filed a "Stipulation of Dismissal of Plaintiffs' Claims" reflecting an agreement with the insurer of Defendant Star Athletica, LLC ("Star"), but not with Defendant Star. (Dkt. #227.)

Defendant filed a memorandum opposing dismissal of the action, but raised no concerns regarding the substance of the settlement agreement. (Dkt. # 228.) Specifically, Defendant argued that the court needed to resolve its pending counter-claims seeking a declaratory judgment on various topics regarding the enforceability of Plaintiffs' copyright before the court could dismiss the case. (*Id.*) The court duly considered Defendant's objections and concluded that the complaint could be dismissed over Defendant's objections pursuant to Fed. R. Civ. P. 41(a)(1)(B) because Defendant's purported counterclaims could not remain pending for independent adjudication as they were more properly characterized as affirmative defenses. (Dkt. # 230.) The court additionally reasoned that even if they were counterclaims, the pertinent five-factor test under the Declaratory Judgment Act did not weigh in favor of exercising jurisdiction over them. (*Id.* at 4621.)

Accordingly, the court dismissed Plaintiffs' complaint with prejudice pursuant to the stipulated dismissal order and "in accordance with the terms of the settlement agreement between Plaintiffs and the Defendant's insurer" and dismissed Defendant's counterclaims. (*Id.* at 4622.) The court then entered a judgment "in favor of Defendant Star Athletica, LLC, and against Plaintiffs" "[i]n accordance with the court's 'Opinion and Order Dismissing Counterclaims and Complaint.'" (Dkt. # 231, Pg. ID 4623.)

Subsequently, Plaintiffs filed the present motion to amend the judgment and argue that the judgment should "not say it is in Star's favor or against Varsity because the dismissal of Star's counterclaim and Varsity's claims does not render Star a prevailing party." (Dkt. # 232, Pg. ID 4626.) Defendant has also filed a motion to amend the judgment or for reconsideration arguing that the court clearly erred by declining to exercise jurisdiction under the Declaratory Judgment Act. (Dkt. # 234, Pg. ID 4640.)

## II. STANDARD

In the absence of a local court rule providing for motions for reconsideration, they are construed as motions to alter or amend the judgment. *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. A court may grant a Rule 59(e) motion to alter or amend if there is: "(1) a clear error of law; (2) newly discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Johnson v. Sikon*, No. 17-2359, 2018 WL 2144047, at *3 (6th Cir. Apr. 5, 2018) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

## III. DISCUSSION

### A. Plaintiffs' Motion to Amend the Judgment

Plaintiffs cite caselaw governing the award of attorney fees in various statutes, *see* 17 U.S.C. § 505, 15 U.S.C. § 1117, 42 U.S.C. § 1988(b), and assert that the court's judgment improperly holds that Defendant was the "prevailing party" in this action. (Dkt. # 232, Pg. ID 4627.) Plaintiffs insist that the judgment must be amended to clarify this matter.

Plaintiffs' fear is unfounded and is based on a misunderstanding of the judgment. As Plaintiffs recognize, "[c]ourts have held that a dismissal for lack of jurisdiction . . . does not constitute an adjudication on the merits for purposes of determining a 'prevailing party.'" *Int'l Techs. Consultants, Inc. v. Stewart*, No. 07-13391, 2013 WL 1211082, at *4 (E.D. Mich. Jan. 28, 2013), report and recommendation adopted, No. 07-13391, 2013 WL 1210540 (E.D. Mich. Mar. 25, 2013). To the extent Defendant's counterclaims existed, the court declined to exercise jurisdiction over them. The court then dismissed them without prejudice while dismissing Plaintiffs' complaint with prejudice "in accordance with the terms of the settlement agreement." (*Id.* at 4622.) As both parties recognize, the settlement agreement did not purport to address or resolve Defendant's counterclaims. (*See* Dkt # 228, Pg. ID 4584-85.) The court's judgment explicitly stated that judgment was entered "in accordance with the court's [o]pinion and [o]rder." (Dkt. # 231.) Nothing in the court's opinion and order or judgment indicates that Defendant prevailed or failed on its counterclaims.

Concerning Plaintiffs' claims, the judgment must issue in favor of Defendant to have the requisite preclusive effect. Dismissal with prejudice "bar[s] a subsequent action between the parties" on the same matter. *See Bariteau v. PNC Fin. Servs. Grp., Inc.*, 285 F. App'x 218, 222 (6th Cir. 2008); *see also Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) (explaining that if a plaintiff "for any reason wishes to dismiss his action with prejudice," he may do so, but the consequence will be "judgment against him and a judgment in favor of the defendants."). "A dismissal with prejudice 'operates as a final adjudication on the merits and has a res judicata effect.'" *Pedreira v. Sunrise Children's*

4

*Servs., Inc.*, 802 F.3d 865, 870 (6th Cir. 2015) (quoting *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir.2001)). The settlement agreement and related voluntary dismissal with prejudice resolve the parties' dispute without a legal finding of this court as to the merits of Plaintiffs' claims. Consequently, the court provides Defendant a final judgment so as to prevent Plaintiffs from relitigating the claims. Without a final judgment in its favor, Defendant remains susceptible to future attack, especially since Defendant is not a party to the settlement agreement.

However, a judgment in Defendant's favor does not confer "prevailing party" status on Defendant. To alleviate any doubt, the court now clarifies that it has not awarded attorneys' fees in this case. To the extent that Plaintiffs fear that Defendant will invoke the court's judgment in a future action as evidence of issue preclusion, they needlessly worry. The judgment here—by its unambiguous text—is subject to the terms of the court's opinion and order which does not opine on the merits of Plaintiffs' claims. (Dkt. # 231.) Additionally, "a dismissal with prejudice normally does not bar claims based on conduct that occurs *after* the dismissal is entered." *Pedreira*, 802 F.3d at 870 (emphasis in original). The judgment does not contain a clear error of law, Fed. R. Civ. P. 59(e), and the court finds no clerical mistake or oversight, *see* Fed. R. Civ. P. 60(a). For these reasons, the court will deny Plaintiffs' motion.

**B. Defendant's motion for reconsideration or to amend the judgment**

Defendant asks this court to reconsider its decision to decline to exercise jurisdiction over Defendant's counterclaims. (Dkt. # 234-1, Pg. ID 4648-49.) Alternatively, Defendant contends that the court's dismissal order was clearly erroneous

5

and asks the court to "amend its Opinion and Order and the Judgment" to declare that the parties' "cut-and-sew conduct was beyond the scope of copyright protection, if any, in [Plaintiffs'] registered designs." (Dkt # 234-1, Pg. ID 4649.)[1]

Defendant contends that the court should "reconsider its recasting of Star's counterclaims as affirmative defenses." (Dkt. # 234-1, Pg. ID 4658.) Defendant cites a slew of district court cases purportedly holding that claims of copyright misuse and fraud on the Copyright Office may be raised as counterclaims in a declaratory judgment action. (Dkt. # 234-1, Pg. ID 4663.) However, these are the same cases Defendant cited in its brief opposing Plaintiffs' proposed dismissal order. (Dkt. # 228, Pg. ID 4591-92.) Therefore, Defendant is relitigating this issue with the same arguments. Moreover, Defendant recognizes that the issue is "unsettled by the Sixth Circuit," Dkt. # 234-1, Pg. ID 4662, and provides no reason why the district court cases upon which it relies are more persuasive than those cited by the court in its order. (*see* Dkt. # 230, Pg. ID 4619, referencing the "court's earlier opinion"—Dkt. # 199, Pg. ID 4310-11.) Defendant has failed to show a clear error of law in the court's opinion and order. For this reason alone, the court will deny Defendant's motion.

Even if the court were to reconsider Defendant's affirmative defenses as

---

[1] Defendant's proposed amendment is essentially a request for a declaratory judgment on a counterclaim. Therefore, Defendant's request to amend the judgment is more properly characterized as another alleged basis for reconsideration of the court's decision. In any event, the Western District of Tennessee local rules do not provide for motions for reconsideration and therefore, the court will proceed to analyze Defendant's motion under the standard applicable to motions to amend the judgment.

6

counterclaims, Defendant has not shown that declaratory action is appropriate. The Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995)). This court has "unique and substantial discretion" in deciding whether to exercise jurisdiction to issue a declaratory judgment. *Id.* (quoting *Wilton*, 515 U.S. at 286).

As stated in the court's opinion and order, the Sixth Circuit has "adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment:"

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

(Dkt. # 230, Pg. ID 4620-21) (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004)).

Defendant argues that the court incorrectly assessed factor two and that a declaratory judgment would serve to settle the parties' controversy. Defendant provides a circular argument stating that the controversy is not settled because this court must

7

declare "a matter of law that is well-settled and confirmed by both higher courts." (Dkt. # 234-1, Pg. ID 4660.) Plaintiffs have already agreed to permanently halt their attempts to enforce their copyright against Defendant which form the basis of this action. Plaintiffs' voluntary dismissal with prejudice settles the controversy before the court. As explained in this court's opinion and order, maintaining jurisdiction over Defendant's counterclaims would likely disrupt this resolution. (*See* Dkt. # 230, Pg. ID 4621).

Defendant argues that the court incorrectly concluded that the fourth factor is not applicable to this case. Confusingly, Defendant asserts that "potential friction between the state and federal courts is actually a factor that favors the Court's declaration of the parties' rights and interests, because it involves a question of federal copyright law." (Dkt. # 234-1, Pg. ID 4660.) Defendant then fails to explain how a declaratory judgment here would have any impact on the relationship between state and federal courts— whether it be to increase or decrease the friction between them. While factor four may not weigh against use of a declaratory action, it does not weigh in favor either. As the court previously concluded, factor four is simply inapplicable here.

Next Defendant contends that the court erred in its assessment of the second and fifth factors because Defendant will be vulnerable to future legal attacks by Plaintiffs if the court does not clarify the legal relations of the parties. (Dkt. # 234-1, Pg. ID 4661.) As Plaintiffs point out, Defendant's argument is "conjecture." (Dkt. # 235, Pg. ID 4677.) Defendant has not identified any recent sales of its accused products and Plaintiff is not aware of any such sales that would form the basis of a future enforcement action. (*Id.*)

Moreover, this case has continued for eight years. During this time, the Supreme

8

Court, the Sixth Circuit, and this court have all provided clarification of the legal relations of the parties. Few cases receive such extensive court guidance. Following the court's clarifications, Plaintiffs were successful in negotiating a settlement agreement with Defendant's insurer. The parties' legal relations are no longer in dispute.

In sum, the factors pertaining to the Declaratory Judgment Act do not weigh in favor of exercising jurisdiction over Defendant's counterclaims. Defendant fails to show a clear error of law in the court's opinion and order. The court will deny Defendant's motion.

## IV. CONCLUSION

Plaintiff has not identified a clear error of law in the court's judgment or a need to prevent manifest injustice. Fed. R. Civ. P. 59(e). Plaintiffs' complaint was voluntarily dismissed with prejudice and therefore, judgment was properly entered in favor of Defendant in accordance with the terms of the court's opinion and order and the pertinent settlement agreement.

Defendant has also not identified a clear error of law in the court's opinion and order or judgment. Defendant's counterclaims are more properly characterized as affirmative defenses. Regardless, the court's opinion and order properly assessed the relevant factors in the law and declined to exercise jurisdiction under the Declaratory Judgment Act. Accordingly,

IT IS ORDERED that Plaintiffs' motion to amend the judgment (Dkt. # 232) is DENIED.

IT IS FURTHER ORDERED Defendant's motion for reconsideration or to amend the judgment (Dkt. # 234) is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: June 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 20, 2018, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

s/Cleland/JudgesDesk/C2orders/10-02508.VarsityBrands.DenyReconsider-Amend.aju